Charles Margett, J.
This is a motion by the defendants Apollo to dismiss the complaint on the ground that there is another action pending between the same parties for the same cause and that, in any event, this court should, in its discretion, decline to take jurisdiction of the instant action for a declaratory judgment (Rules Civ. Prac., rule 212).
The moving parties sued the defendants Wilson and Moore . to recover damages for personal injuries sustained in an automobile accident that occurred on July 12, 1957. At the time of the accident, the motor vehicle involved was covered by a policy of insurance issued by the plaintiff herein. In the progress of that action, the attorney designated by the plaintiff herein to represent the defendants Wilson and Moore moved to withdraw from the defense of said action on the ground that the insureds had allegedly violated the co-operation clause of the policy of insurance. The order granting said motion, dated April 28, 1959, provided that “ the determination does not however pass upon the legal sufficiency or basis for the defendants’ carrier to disclaim.”
The movants thereafter obtained judgment against the insureds, pursuant to an assessment of damages, and commenced an action against their carrier, the plaintiff herein, on December 4, 1959, in the Supreme Court, Kings County, pursuant to section 167 (subd. 1, par. [b]) of the Insurance Law. An answer was interposed on December 16,1959 which was followed *266 by the service of an amended complaint on December 31, 1959 to which an answer was served on January 10, 1960. Therein the carrier asserted by way of affirmative defense that its insureds, the defendants Wilson and Moore, violated the co-operation clause.
On January 20, 1960, the carrier brought this action in this court against its insureds, their judgment creditors and one Cunningham, the owner of another automobile apparently involved in the accident, for a judgment declaring that its insureds breached the co-operation clause in the policy and that, therefore, the carrier was not responsible for the judgment entered on or about September 15,1959, which had been obtained against its insureds.
In view of the pendency of the action brought against the carrier pursuant to the Insurance Law, in which the latter has set up by way of defense the same facts upon which it relies in its complaint for a declaratory judgment, there is no necessity for any declaratory judgment since all the issues can be determined in the pending prior action commenced by the judgment creditors under the Insurance Law. The fact that the policyholders were not made parties in the statutory action under the Insurance Law may be rectified by bringing them in now. (General Acc. Fire & Life Assur. Corp. v. Becker, 252 App. Div. 556.)
The motion is accordingly granted. Submit order.